

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

January 28, 1948

Hon. Sam Lee,
County Attorney,
Brazoria County,
Angleton, Texas

Opinion No. V-488

Re: Construction and consti-
tutionality of H. B. 665,
50th Legislature, concern-
ing group insurance for
public employees.

Dear Sir:

We refer to your letter of November 26, 1947 in which you submit the following questions:

1. "Does H. B. 665, as passed by the 50th Legislature, apply to the counties of the state as well as to the state and the specific governmental agencies mentioned in Section 1 of said bill?

2. "If H. B. 665 does apply to counties, is it constitutional?

3. "Is Brazoria County, Texas authorized to pay the premiums or any part thereof for the benefit of its employees for the insurance available under said bill?

4. "Is there any authority for this county to obtain workmen's compensation insurance for its employees in lieu of the health and accident insurance as provided under said bill?"

H. B. 665 now appears in Vernon's Civil Statutes as Art. 5053a. It reads:

"Section 1. The State of Texas and each of its political, governmental and administrative subdivisions, departments, agencies, association of public employees, and the governing boards and authorities of each State university, college, common and independent school districts or of any

other agency or subdivision of the public school system of the State of Texas are authorized to procure contracts insuring their respective employees or any class or classes thereof under a policy or policies of group health, accident, accidental death and dismemberment, and hospital, surgical and/or medical expense insurance.  The dependents of any such employees may be insured under group policies which provide hospital, surgical and/or medical expense insurance.  The employees' contributions to the premiums for such insurance issued to the employer or to an association of public employees as the policyholder may be deducted by the employer from the employees' salaries when authorized in writing by the respective employees so to do.

"Sec. 2.  All group insurance contracts effected pursuant hereto shall conform and be subject to all the provisions of any existing or future laws concerning group insurance."

It is elementary that a county is a political subdivision of the State.  Robbins v. Limestone County, 268 S. W. 915.  We are of the opinion that counties are included in the authorization given in Article 5053a; therefore our answer to your Question No. 1 is in the affirmative.

The language of the Article is that the enumerated employers "are authorized to procure contracts insuring their respective employees or any class or classes thereof under a policy or policies of group health, accident, accidental death and dismemberment, and hospital, surgical and/or medical expense insurance. . ."  It is provided that upon written consent of employees deductions may be made by the employer from their salaries to pay "employees contributions."  If the quoted language means that public money may be used to pay premiums or any expense incident to such insurance, the Act is void, as was held by this Department in its Opinion No. V-147, a copy of which is enclosed for your information.  H. B. 665 was amended in House Committee after that opinion was written. If it merely means that group insurance policies may be issued to the indicated groups of employees without the use of

public money, the Act is valid to that extent.  When public money has been lawfully paid to an employee, it ceases to be public money.

We are of the opinion that the law authorizes the issuance of group insurance policies to groups of employees in the classes indicated in the law, and it does not authorize the use of any public money to pay any part of any premium or incidental expense concerning it.

Our answer to your Question No. 3 is in the negative.

Answering your Question No. 4, there is no law which authorizes a county to obtain workmens' compensation insurance for its employees.  See Attorney General's Opinion No. V-381, a copy of which is enclosed.

<u>SUMMARY</u>

County employees are included in the class of employees for whom group health, accident, accidental death and dismemberment and hospital, surgical and/or medical expense insurance may be issued under Art. 5053a, V. C. S.  County funds may not be used to pay premiums or incidental expense for such insurance.  Counties are not authorized to obtain Workmens' Compensation Insurance for county employees.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  W. T. Williams
    Assistant

WTW:wb
Encls.

APPROVED:

ATTORNEY GENERAL